## CT Corporation

**Service of Process Transmittal**
11/29/2018
CT Log Number 534483015

| | |
|---|---|
| **TO:** | Gregory A Boss, General Counsel<br>CSL Behring, L.L.C.<br>1020 1st Ave<br>King Of Prussia, PA 19406-1310 |
| **RE:** | **Process Served in Kentucky** |
| **FOR:** | CSL Plasma Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joshua Carter and Kyle McMenama, Pltfs. vs. CSL Plasma Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Fayette County- Circuit Court- Civil Branch, KY<br>Case # 18CI04153 |
| **NATURE OF ACTION:** | Lawsuit has been filed against Dft. for Negligence |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/29/2018 postmarked on 11/27/2018 |
| **JURISDICTION SERVED :** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days following the day this paper is delivered to you |
| **ATTORNEY(S) / SENDER(S):** | Thomas K. Herren<br>Herren & Adams Llp<br>148 N. Broadway<br>Lexington, KY 40507<br>859-254-0024 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/30/2018, Expected Purge Date: 12/05/2018<br><br>Image SOP<br><br>Email Notification,  Monica Watkins  monica.watkins@cslbehring.com<br><br>Email Notification,  Cheryl Raniszewski  Cheryl.Raniszewski@cslbehring.com<br><br>Email Notification,  CHERYL DUNAWAY  cheryl.dunaway@cslbehring.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601<br>609-538-1818 |

Page 1 of  1 / JS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

$ 007.4

02 4W
0000339338 NOV. 27, 2

Vincent Riggs, Fayette Circuit Clerk
120 N. Limestone, Room C-103
Lexington, KY 40507-1152

CT CORPORATION SYSTEM
306 WEST MAIN STREET, SUITE 152
FRANKFORT, KY 40601

9414 7266 9904 2467 5346 23
RETURN RECEIPT REQUESTED

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **18-CI-04153**<br>Court:  **CIRCUIT**<br>County: **FAYETTE** |

*Plantiff,* **CARTER, JOSHUA, ET AL VS. CSL PLASMA, INC.,** *Defendant*

TO:  **CT CORPORATION SYSTEM**
    **306 WEST MAIN STREET, SUITE 152**
    **FRANKFORT, KY 40601**

Memo: Related party is CSL PLASMA, INC.

The Commonwealth of Kentucky to Defendant:
**CSL PLASMA, INC.**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Vincent Riggs*

**Fayette Circuit Clerk**
**Date: 11/27/2018**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20_____

Served By _____

Title _____

Summons ID: 13334029740907@00000831973
CIRCUIT: 18-CI-04153 Certified Mail
CARTER, JOSHUA, ET AL VS. CSL PLASMA, INC.



Page 1 of 1

**eFiled**

*Presiding Judge: HON. THOMAS L. TRAVIS (622370)    Package:000002 of 000006    Package : 000002 of 000006*

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH
_____ DIVISION.
NO. 18-CI-_____

*Electronically Filed*

JOSHUA CARTER AND
KYLE McMENAMA                                              **PLAINTIFFS**

v.                              <u>COMPLAINT</u>

CSL PLASMA, INC.                                           **DEFENDANT**

* * * * * * *

Come the Plaintiffs and for their separate and individual Complaint state as follows:

1.      Plaintiff, Joshua Carter, is a resident and citizen of Lexington, Fayette County, Kentucky.

2.      Plaintiff, Kyle McMenama, is a resident and citizen of Lexington, Fayette County, Kentucky.

3.      Defendant, CSL Plasma, Inc., is a foreign corporation with its principal office at 900 Broken Sound Parkway, Suite 400, Boca Raton, Florida 33487.  It's agent for service of process in Kentucky is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

4.      Plaintiff, Joshua Carter, gave plasma at Defendant's Winchester Road, Fayette County, location approximately 3 ½ years ago.

5.      Defendant, through its agents and employees, tested Carter's plasma and found that it contained the HIV virus.

6.      Over the course of more than 3 years, Defendant, through its agents and employees, failed to notify Plaintiff Joshua Carter of the results of its testing, and specifically including the finding of HIV.

7.      Plaintiff, Joshua Carter, first discovered the results of the testing and that Defendant knew or should have known and failed to report the results to him, on May 10, 2018.

8.      Defendant's conduct in failing to report, failing to contact, concealing critical medical information was reckless, negligent, and outrageous, violating medical standards of care and common decency.

9.      As a direct and proximate result of Defendant's above-described conduct, Plaintiff, Joshua Carter, has suffered and will continue to suffer extreme emotional distress, physical pain and mental suffering, lost earnings, increased medical expenses over that which he would have otherwise incurred, and other compensatory and consequential damages.

10.      Plaintiff, Kyle McMenama, as a direct and proximate result of Defendant's above-described conduct, may have been infected with the HIV virus after such time that Plaintiff Carter should have been notified, and has suffered and will continue to suffer extreme emotional distress, physical pain and mental suffering, medical expenses, lost earnings, permanent impairment of earning capacity, and other compensatory and consequential damages.

11.      Defendant's conduct was outrageous, grossly negligent, reckless, and contrary to the basic norms of decency in a civilized society.

WHEREFORE, Plaintiffs, individually and separately, claim judgments against the Defendant for the above-described harm that has been caused to them, all in individual and separate amounts in excess of the jurisdictional limits of this Court; for both compensatory and punitive damages in excess of the jurisdictional limits of this Court, attorneys' fees and Court

Package : 000004 of 000006          Presiding Judge: HON. THOMAS L. TRAVIS (632370)          Package : 000004 of 000006

2

costs, pre-judgment interest, and any and all other relief to which they may appear entitled, either

in law or in equity.

Respectfully submitted,

HERREN & ADAMS LLP.
148 N. Broadway
Lexington, KY  40507
(859) 254-0024
*tom.herren@herrenadams.com*

_/s/Thomas K. Herren_
THOMAS K. HERREN
ATTORNEY FOR PLAINTIFF

j:\tkh\pldgs\cur783.com.docx

3

Filed          18-CI-04153      11/27/2018          Vincent Riggs, Fayette Circuit Clerk

| AOC-105              Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. _____<br>Court  ☑ Circuit  ☐ District<br>County  Fayette ☑ |

**PLAINTIFF**

JOSHUA CARTER AND KYLE McMENAMA

VS.

**DEFENDANT**

CSL PLASMA, INC.

900 Broken Sound Parkway, Suite 400

Boca Raton,                    Florida          ☑ · 33487

Service of Process Agent for Defendant:

CT Corporation System

306 West Main St, Suite 512

Frankfort KY 40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

　　　　You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

　　　　The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____, 2_____          _____ Clerk

　　　　　　　　　　　　　　　　　By: _____ D.C.

| **Proof of Service** |
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| _____ |
| this _____ day of _____, 2____.          Served by: _____ |
| _____ Title |

Filed          18-CI-04153      11/27/2018          Vincent Riggs, Fayette Circuit Clerk

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH, DIVISION 8
CIVIL ACTION NO. **18-CI-04153**
JUDGE THOMAS L. TRAVIS

JOSHUA CARTER and                                        **PLAINTIFFS**
KYLE McMENAMA

v.

CSL PLASMA INC.                                          **DEFENDANT**

## ANSWER TO COMPLAINT

Defendant, CSL Plasma Inc., by counsel, for its answer to plaintiffs' complaint, states as follows:

### FIRST DEFENSE

1.      That it is without information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of plaintiffs' complaint and, accordingly, denies the same;

2.      That it is without information sufficient to form a belief as to the truth of the averments contained in paragraph 2 of plaintiffs' complaint and, accordingly, denies the same;

3.      That in response to paragraph 3 of plaintiffs' complaint it admits that it is a Delaware corporation with its principal office located in Florida and that its agent for service of process in Kentucky is CT Corporation System;

4.      That in response to paragraph 4 of plaintiffs' complaint, it states that plaintiff Joshua Carter provided blood samples to a CSL Plasma location in Fayette

County, Kentucky for the purpose of testing the blood for the presence of certain diseases as is required by FDA regulations, that this occurred on April 17, 2015, and that plaintiff donated plasma on April 17, 2015;

5.     That in response to paragraph 5 of plaintiffs' complaint, it states that blood samples provided by plaintiff Joshua Carter to CSL Plasma were tested for the presence of certain diseases as is required by FDA regulations and that one of the samples tested positive for HIV on April 24, 2015 and again on April 29, 2015;

6.     That it denies the averments contained in paragraph 6 of plaintiffs' complaint as written and states that CSL Plasma documents reflect that CSL Plasma attempted phone contact with plaintiff Joshua Carter on April 29, 2015 and was unsuccessful.  A certified letter was then sent to plaintiff Joshua Carter on April 29, 2015 which stated that testing indicated that Mr. Carter may have a condition requiring medical treatment, that CSL had important information for him, and that it requested that he return to the CSL Plasma center as soon as possible so that the CSL Plasma medical staff could further advise him about the test results and their significance. Three attempts to deliver the letter were made but were unsuccessful.  Thereafter, the letter was sent back to the CSL Plasma center and attached to Mr. Carter's record in June 2015 at which time the record was closed.

7.     That it denies the averments contained in paragraph 7 of plaintiffs' complaint as written and states that plaintiff Joshua Carter did not return to the CSL Plasma center until April 27, 2018 at which time he was informed of his permanent deferral status and test results.

8.     That it denies the averments contained in paragraph 8 of plaintiffs'
complaint;

9.     That it is without information sufficient to form a belief as to the truth of
the averments contained in paragraph 9 of plaintiffs' complaint concerning plaintiff
Joshua Carter's injuries and damages; that it denies that any such injuries and damages
were a direct and proximate result of any acts or omissions of CSL Plasma;

10.     That it is without information sufficient to form a belief as to the truth of
the averments contained in paragraph 10 of plaintiffs' complaint concerning plaintiff
Kyle McMenama's injuries and damages; that it denies that any such injuries and
damages were a direct and proximate result of any acts or omissions of CSL Plasma;

11.     That it denies the averments contained in paragraph 10 of plaintiffs'
complaint;

12.     That it denies all remaining averments contained in plaintiffs' complaint
not expressly addressed above;

SECOND DEFENSE

That the plaintiffs' damages, if any, were caused in whole or in part by the
plaintiffs' own negligence and that said negligence operates as a complete or partial bar
to any recovery herein;

THIRD DEFENSE

That the plaintiffs' complaint is barred by the applicable statute of limitations;

Filed 18-CI-04153 12/19/2018 Vincent Riggs, Fayette Circuit Clerk

## FOURTH DEFENSE

This defendant reserves its right to amend its answer and to add any and all other affirmative defenses under CR 8.03 as discovery proceeds.

## FIFTH DEFENSE

This defendant asserts the following affirmative defenses to plaintiffs' claim for punitive damages:

The claims of plaintiffs for punitive damages against this defendant cannot be sustained because an award of punitive damages under Kentucky law without proof of every element beyond a reasonable doubt would violate the due process rights of this defendant under the Fourteenth Amendment of the United States Constitution and under Section 2 of the Kentucky Constitution;

Alternatively, unless both the liability against this defendant for punitive damages and the appropriate amount for punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate the due process rights of this defendant guaranteed by the Fourteenth Amendment of the United States Constitution and by Section 2 of the Kentucky Constitution;

The claims of plaintiffs for punitive damages against this defendant cannot be sustained because any award of punitive damages under Kentucky law without bifurcating the trial of all punitive damages issues would violate the due process rights of this defendant guaranteed by the Fourteenth Amendment of the United States Constitution and by Section 2 of the Kentucky Constitution;

The claims of plaintiffs for punitive damages against this defendant cannot be sustained because an award of punitive damages under Kentucky law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount on the award of punitive damages that a jury could impose, would violate the due process rights of this defendant guaranteed by the Fourteenth Amendment of the United States Constitution and by Section 2 of the Kentucky Constitution;

The claims of plaintiffs for punitive damages against this defendant cannot be sustained because an award of punitive damages under Kentucky law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size of a punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state required and is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size of a punitive damages award, and (5) is not subject to judicial review on the basis of objective standards, would violate the due process rights of this defendant guaranteed by the Fourteenth Amendment of the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by Sections 2, 3, 13 and 17 of the Kentucky Constitution;

The claims of Plaintiffs for punitive damages against this defendant cannot be sustained because an award of punitive damages under Kentucky law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Kentucky law would violate the due process rights of this defendant guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution;

The claims of Plaintiffs for punitive damages against this defendant cannot be sustained because an award of punitive damages under Kentucky law without the same protections that are afforded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the right to confront adverse witnesses, a speedy trial and the effective assistance of counsel would violate the rights of this defendant under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment and by Sections 2, 10, 11, 13 and 14 of the Kentucky Constitution;

Any award of punitive damages based on anything other than the alleged conduct of this defendant regarding the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment by Sections 2 and 13 of the Kentucky Constitution because any other judgment for punitive damages in this case cannot protect this defendant against impermissible multiple punishment for the same wrong;

Alternatively, this defendant relies on KRS 411.184, as modified by <u>Williams v.</u> <u>Wilson,</u> 972 S.W.2d 260 (Ky. 1998), and <u>State Farm v. Campbell,</u> 538 U.S. 408 (2003), as a bar to plaintiffs' punitive damages claims; and

This defendant denies that any of its agents, servants, or employees, by act or omission were oppressive, fraudulent, malicious or grossly negligent, but in the event that it be adjudged to the contrary, CSL Plasma Inc. specifically pleads that it has not authorized nor ratified any such conduct nor should it have anticipated the conduct, if any, and CSL Plasma Inc. specifically pleads and relies upon such facts as a complete bar to plaintiffs' claims for punitive damages.

Wherefore, having fully answered, defendant CSL Plasma Inc. requests that plaintiffs' complaint against it be dismissed with prejudice at plaintiffs' cost, that it be awarded its costs herein expended, and that it be awarded all other appropriate relief.

Respectfully submitted,

/s/ D. Craig York
D. Craig York
DINSMORE & SHOHL LLP
101 South Fifth Street
Suite 2500
Louisville, Kentucky 40202
Telephone: (502) 540-2300
Facsimile (502) 585-2207
Email: craig.york@dinsmore.com
*Counsel for Defendant, CSL Plasma Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically via the KYeCourts system and mailed via U.S. Mail, this 19th day of December, 2018, to:

Thomas K. Herren
Herren & Adams LLP
148 N. Broadway
Lexington, KY 40507
*Counsel for Plaintiffs*

/s/ D. Craig York
*Counsel for Defendant, CSL Plasma Inc.*

14314442v1

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH, DIVISION 8
CIVIL ACTION NO. 18-CI-04153
JUDGE THOMAS L. TRAVIS

*Electronically Filed*

JOSHUA CARTER and                                         PLAINTIFFS
KYLE McMENAMA

v.

CSL PLASMA INC.                                           DEFENDANT

## NOTICE OF ELECTION OF ELECTRONIC SERVICE

Defendant CSL Plasma Inc., by counsel, pursuant to CR 5.02(2), hereby provides notice

of its election to effectuate and receive service by electronic means to and from all other

attorneys or parties in this action. Defendant designates the following electronic notification

addresses for service:

craig.york@dinsmore.com
ellen.heeke@dinsmore.com

Documents served via electronic means need not be served in paper form.

Respectfully submitted,

/s/ D. Craig York
D. Craig York
DINSMORE & SHOHL LLP
101 South Fifth Street
Suite 2500
Louisville, Kentucky 40202
Telephone: (502) 540-2300
Facsimile (502) 585-2207
Email: craig.york@dinsmore.com
*Counsel for Defendant, CSL Plasma Inc.*

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was mailed via U.S. Mail, this 11th day of January, 2019, to:

Thomas K. Herren
Herren & Adams LLP
148 N. Broadway
Lexington, KY 40507
*Counsel for Plaintiffs*

/s/ D. Craig York
*Counsel for Defendant, CSL Plasma Inc.*

14404087v1

2

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH, DIVISION 8
CIVIL ACTION NO. 18-CI-04153
JUDGE THOMAS L. TRAVIS

*Electronically Filed*

JOSHUA CARTER and                                          PLAINTIFFS
KYLE McMENAMA

v.

CSL PLASMA INC.                                            DEFENDANT

**<u>NOTICE OF SERVICE OF DEFENDANT'S
FIRST SET OF REQUESTS FOR ADMISSIONS,
INTERROGATORIES, AND REQUESTS FOR
PRODUCTION OF DOCUMENTS UPON PLAINTIFFS,
JOSHUA CARTER AND KYLE McMENAMA</u>**

\* \* \* \* \* \* \* \* \* \*

The Court is hereby notified that the Defendant, CSL Plasma Inc., served the Plaintiffs,

Joshua Carter and Kyle McMenama, with Requests for Admissions, Interrogatories and Requests

for Production of Documents on the 11th day of January, 2019.

Respectfully submitted,

/s/ D. Craig York
D. Craig York
DINSMORE & SHOHL LLP
101 South Fifth Street
Suite 2500
Louisville, Kentucky 40202
Telephone: (502) 540-2300
Facsimile (502) 585-2207
Email: craig.york@dinsmore.com
*Counsel for Defendant, CSL Plasma Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was mailed via U.S. Mail, this 11th day of January, 2019, to:

Thomas K. Herren
Herren & Adams LLP
148 N. Broadway
Lexington, KY 40507
*Counsel for Plaintiffs*

/s/ D. Craig York
*Counsel for Defendant, CSL Plasma Inc.*

14356778v1

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH, DIVISION 8
CIVIL ACTION NO. 18-CI-04153
JUDGE THOMAS L. TRAVIS

JOSHUA CARTER and                                                                    PLAINTIFFS
KYLE McMENAMA

### RULE 22 CERTIFICATION OF SERVICE OF
### PLAINTIFFS JOSHUA CARTER'S AND KYLE McMENAMA'S
v.         ### ANSWERS TO REQUESTS FOR ADMISSIONS,
### ANSWERS TO INTERROGATORIES, AND RESPONSES TO
### REQUESTS FOR PRODUCTION OF DOCUMENTS

CSL PLASMA INC.                                                                      DEFENDANT

\* \* \* \* \* \*

Come the Plaintiffs, Joshua Carter and Kyle McMenama, by counsel, and

pursuant to Rule 22 hereby certify that their Answers to Requests for Admissions,

Answers to Interrogatories and Responses to Requests for Production of Documents have

been served upon the Defendant on this 6th day of February, 2019.

Respectfully submitted,

HERREN & ADAMS LLP.
148 N. Broadway
Lexington, KY 40507
(859) 254-0024
tom.herren@herrenadams.com

/s/Thomas K. Herren
THOMAS K. HERREN
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2019, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will distribute copies to all counsel of record, and that a copy was mailed to the following:

D. Craig York
Dinsmore & Shohl LLP
101 South Fifth Street
Suite 2500
Louisville, Kentucky 40202
ATTORNEYS FOR DEFENDANT
CSL PLASMA INC.

/s/Thomas K. Herren

j:\tkh\pldgs\car783.plfs r22 ans rqad int&rpd.docx

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH, DIVISION 8
CIVIL ACTION NO. 18-CI-04153
JUDGE THOMAS L. TRAVIS



JOSHUA CARTER and                                              PLAINTIFFS
KYLE McMENAMA

**RULE 22 CERTIFICATION OF SERVICE OF**
**PLAINTIFF JOSHUA CARTER'S SUPPLEMENTAL**
v.                    **ANSWERS TO DISCOVERY REQUESTS**

CSL PLASMA INC.                                                DEFENDANT

\* \* \* \* \* \*

Comes the Plaintiff, Joshua Carter, by counsel, and pursuant to Rule 22 hereby

certifies that his Supplemental Answers to Discovery Requests have been served upon the

Defendant on this 4th day of March, 2019.

Respectfully submitted,

HERREN & ADAMS LLP.
148 N. Broadway
Lexington, KY  40507
(859) 254-0024
*tom.herren@herrenadams.com*

*/s/Thomas K. Herren*
THOMAS K. HERREN
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2019, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will distribute copies to all counsel of record, and that a copy was mailed to the following:

D. Craig York
Dinsmore & Shohl LLP
101 South Fifth Street
Suite 2500
Louisville, Kentucky 40202
ATTORNEYS FOR DEFENDANT
CSL PLASMA INC.

/s/Thomas K. Herren

j:\tkh\pldgs\car783.plf r22 ans supp disc rcq.docx